**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **KAREEM GARRETT,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  11-1888** |
| | : | |
| **GEORGE WAGNER, Warden of Berks** | : | |
| **County Prison; COMMISSIONER KEVIN** | : | |
| **BARNHARDT; NURSE LORI; NURSE** | : | |
| **FAY; VICTORIA GESSNER, M.D.;** | : | |
| **NURSE MEREDITH; OFFICER** | : | |
| **VOLLNER; CYNTHIA SHELTON,** | : | |
| **Medical Supervisor; JESSICA YERGER,** | : | |
| **Treatment Supervisor; JAY PHILLIPS; S.** | : | |
| **SWARTELY, Mental Health Supervisor;** | : | |
| **JOSEPH P. DOW, Officer; OFFICER** | : | |
| **LAZUR; OFFICER FISHER; JACKIE** | : | |
| **BROWN, Counselor; NURSE PAM; AMY** | : | |
| **FICH, Counselor; PETER DAMITER;** | : | |
| **PAULA A. DILLMAN MCGOWAN,** | : | |
| **CRNP; OFFICER NIEVES; FRANCO** | : | |
| **TASSONE, JR., Sergeant; S.** | : | |
| **JEFFERSON, Officer; J. KLINE, Officer;** | : | |
| **DAVID KOPE, Officer; DWIGHT** | : | |
| **RESCORLA, Sergeant; MIGUEL** | : | |
| **CASTRO, Lieutenant; NURSE** | : | |
| **CHARMAINE; and JESSE KIRSCH,** | : | |
| **Doctor,** | : | |
| | : | |
| **Defendants.** | : | |

_____

**DuBOIS, J.**                                                                                                      **March 15, 2012**

**M E M O R A N D U M**

## I.      INTRODUCTION

In this action under 42 U.S.C. § 1983, plaintiff Kareem Garrett, a Pennsylvania state

prisoner, asserts that medical personnel, corrections officers, and other staff members at Berks County Prison and SCI-Frackville violated his constitutional rights in various incidents that occurred between late 2010 and 2011.[1]

Presently before the Court are three motions to dismiss: one filed by medical personnel at Berks County Prison ("the Medical Defendants' Motion to Dismiss"), another filed by nonmedical personnel at Berks County Prison ("the Berks County Motion to Dismiss"), and the third filed by Peter Damiter, a counselor at SCI-Frackville ("Damiter's Motion to Dismiss"). For the reasons set forth below, the Court grants Damiter's Motion to Dismiss. The Medical Defendants' Motion to Dismiss and the Berks County Motion to Dismiss are granted in part and denied in part.

## II.     BACKGROUND

Plaintiff, a state prisoner, was incarcerated at Berks County Prison pursuant to an agreement between that prison and the Pennsylvania Department of Corrections. He is now housed at SCI-Frackville. His claims arise from several distinct events, the relevant facts of which are described in conjunction with each claim.

## III.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a

---

[1]The parties do not specify whether plaintiff was a convicted inmate or a pretrial detainee during the events at issue. However, the docket for Commonwealth of Pennsylvania v. Garrett, No. CP-23-CR-0003224-2009 (Ct. Com. Pl. Delaware Cnty.), shows that plaintiff pled guilty to several felonies on May 3, 2010. The Court thus takes judicial notice that he was a convicted inmate during the relevant period. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider . . . any . . . 'items subject to judicial notice [and] matters of public record . . . .'" (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004))).

pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  To survive a motion to dismiss, a civil plaintiff must allege facts that "'raise a right to relief above the speculative level.'"  <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  To satisfy the plausibility standard, a plaintiff's allegations must show that a defendant's liability is more than "a sheer possibility."  <u>Id.</u>  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

In <u>Twombly</u>, the Supreme Court used a "two-pronged approach," which it later formalized in <u>Iqbal</u>.  <u>Iqbal</u>, 129 S. Ct. at 1950; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).  Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions."  <u>Twombly</u>, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded.  <u>Iqbal</u>, 129 S. Ct. at 1950.  The court must then assess "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief.  <u>Id.</u>

## IV. DISCUSSION

### A. <u>Unsanitary Cell</u>

Plaintiff alleges that, for ten days beginning on or about November 9, 2010, Corrections Officer Christopher Vollmer "forced" him to live in an unsanitary cell at Berks County Prison

that contained "human feces and human urine."  (Am. Compl. ¶ 1.)  Vollmer and Sergeant

Dwight Rescorla allegedly refused to give plaintiff cleaning supplies, and plaintiff asserts that

when he asked to speak to a lieutenant about the issue, Vollmer responded with a racial epithet.

(Id.)

       "[A] prison official cannot be found liable under the Eighth Amendment for denying an

inmate humane conditions of confinement unless the official knows of and disregards an

excessive risk to inmate health or safety . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"The plaintiff must allege a substantial risk of serious harm or must produce evidence of how the

unsanitary condition jeopardized or potentially jeopardized his health or caused [his living area]

to be unfit for habitation."  Burgos v. Canino, 641 F. Supp. 2d 443, 459 (E.D. Pa. 2009).

       Plaintiff has adequately alleged an excessive risk to his health and safety.  If sufficiently

severe, the presence of human waste can render a living area unfit for habitation.  See, e.g.,

Solomon v. Nassau Cnty., 759 F. Supp. 2d 251, 258 (E.D.N.Y. 2011) ("Unsanitary conditions at

a prison facility[,] such as . . . human waste[,] can present a risk sufficient for Section 1983

liability.").  Defendants argue that in other cases, courts have held unsanitary cells not to violate

the Eighth Amendment.  However, those cases involved either shorter exposure to unsanitary

conditions, see, e.g., Mitchell v. Horn, No. 98-4742, 2005 WL 1060658, at *3 (E.D. Pa. May 5,

2005), or short-term prison emergencies, see Burgos, 641 F. Supp. 2d at 460.

       Plaintiff has also alleged that Volmer and Rescorla knew of and disregarded the excessive

risk to his health and safety.  Plaintiff asserts that he complained to both officials, but they

rebuffed his efforts to obtain more suitable conditions.  Cf. Mitchell, 2005 WL 1060658, at *3

(denying claim based, in part, on the fact that as soon as the plaintiff complained, a prison

committee cleaned his cell).  The Court thus denies the Berks County Motion to Dismiss as to this claim.

      B.    <u>Retaliation for Filing Grievances</u>

Plaintiff states that on about November 19, 2010, he submitted "numerous institutional communication forms and grievances" to Rescorla, Lieutenant Miguel Castro, and Warden George Wagner.  (Am. Compl. ¶ 1.)  Rescorla, Castro, and Wagner allegedly placed him in disciplinary confinement "in return" for those filings.  (<u>Id.</u>)  Defendants argue that plaintiff has not alleged a causal link between the filings and his placement in disciplinary confinement.  They further contend that because Castro, Rescorla, and Wagner "are supervisory personnel, it appears that [p]laintiff's claims . . . are premised solely upon the operation of <u>respondeat superior</u>." (Berks Cnty. Mot. Dismiss 14.)

"A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003) (quoting <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001)).  "Once a prisoner has made his prima facie case, the burden shifts to the defendant to prove by a preponderance of the evidence that it 'would have made the same decision absent the protected conduct for reasons reasonably related to penological interest.'" <u>Carter v. McGrady</u>, 292 F.3d 152, 158 (3d Cir. 2002) (quoting <u>Rauser</u>, 241 F.3d at 333).

As a preliminary matter, filing a grievance is constitutionally protected activity.  <u>See, e.g.</u>, <u>Burgos</u>, 641 F. Supp. 2d at 453-54.  Being placed in disciplinary confinement—at least for a

substantial amount of time—constitutes an adverse action.[2]  See, e.g., Mitchell, 318 F.3d at 530

(three months' confinement); Figueroa v. Regan, No. 02-2402, 2003 WL 1751612, at *5 (E.D.

Pa. Apr. 3, 2003) (thirty days' confinement).

The Court rejects defendants' argument that plaintiff has failed to plead causation.

Plaintiff uses causal language in his Amended Complaint: he alleges that he "filed numerous

institutional communication forms and grievances to Lt. Castro, Sgt. Rescorla, Wagner who[] in

return placed plaintiff in disciplinary confinement."  (Am. Compl. ¶ 1 (emphasis added).)

Further, he alleges that the three officials that received his grievances were the same officials

who ordered disciplinary confinement.[3]  The liability alleged in the Amended Complaint is not

premised on respondeat superior.  The Court thus denies the Berks County Motion to Dismiss

with respect to this claim.

C.     Contaminated Food

Third, plaintiff alleges that on about January 29, 2011, Corrections Officers Jefferson,

Klein, and Kope "negligently" gave him a tray of food "that made [him] very sick."  (Id. ¶ 2.)

Plaintiff asserts that the food was "contaminated with foreign objects."  (Objs. Defs.' Mot.

Dismiss 3.)

An inmate seeking to establish that prison officials violated the Eighth Amendment by

failing to protect him from harm "must show (1) that the prison conditions posed a substantial

---

[2]Plaintiff does not allege how long he was in disciplinary confinement.  If defendants present evidence later in the litigation that his time there was short, the analysis of this claim may change.

[3]There is no allegation regarding the temporal proximity between plaintiff's filing of grievances and his placement in disciplinary confinement.

risk of serious harm, and (2) that prison officials were deliberately indifferent to the inmate's safety."  Peeks v. Beard, No. 05-1764, 2005 WL 3088369, at *2 (M.D. Pa. Nov. 17, 2005) (citing Farmer, 511 U.S. at 847).  "[D]eliberate indifference describes a state of mind more blameworthy than negligence."  Farmer, 511 U.S. at 835.  The official must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

The Court grants the Berks County Motion to Dismiss as to this claim.  Plaintiff has not alleged that Jefferson, Klein, and Kope were deliberately indifferent to the risk posed by the food.  In the Amended Complaint, he refers to their conduct as "negligent," and he does not plead any facts that would support an inference that they knew the food was contaminated.  That is insufficient to state a claim upon which relief can be granted for illness resulting from contaminated food.

D.    Denial of Medical Care

Plaintiff's fourth allegation relates to the medical care he received after eating the "contaminated" food discussed in the preceding Section.  Plaintiff contends that the food caused him to "vomit[] blood for a week," (Original Compl. ¶ V),[4] but despite complaining to several nurses, he was denied medical care during that period.  (Am. Compl. ¶ 3.)  Eventually, defendant Dillman-McGowan diagnosed him with food poisoning.  (Id.)

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  The deliberate-indifference requirement is satisfied where

---

[4]Courts in this Circuit have considered the content of prior pleadings when ruling on a motion to dismiss a pro se plaintiff's amended complaint.  See, e.g., Weigher v. Prison Health Servs., 402 F. App'x 668, 669 n.1 (3d Cir. 2010).

prison officials "deny reasonable requests for medical treatment" and thereby cause an inmate to experience undue suffering. <u>Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 346-47 (3d Cir. 1987). A medical need satisfies <u>Estelle</u>'s seriousness requirement if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Id.</u> at 347 (quoting <u>Pace v. Fauver</u>, 479 F. Supp. 456, 458 (D.N.J. 1979)).

Plaintiff has alleged a serious medical need, as a lay person would easily recognize that a person who vomited blood for a week needed medical attention. Plaintiff's allegations also support a plausible inference that plaintiff told five nurses—Raab, Witman, Beck, Oxenreider, and Mikosz—about his serious need but was turned away without receiving medical care, which would constitute deliberate indifference. The Court thus denies the Medical Defendants' Motion to Dismiss with respect to plaintiff's Eighth Amendment claim against those defendants.[5]

The Court grants the Medical Defendants' Motion to Dismiss, however, with respect to Dillman-McGowan, another nurse at the facility. Plaintiff does not allege that Dillman-McGowan was deliberately indifferent to his needs. Rather, he alleges that she diagnosed and treated him.

E.   <u>False Misconduct</u>

Plaintiff alleges that Corrections Officer Dow gave him a "false misconduct" after he was

_____

[5]To the extent that plaintiff's Amended Complaint can be construed as asserting a medical malpractice claim in addition to his Eighth Amendment claim, the medical malpractice claim is dismissed. Plaintiff has not filed a timely Certificate of Merit as required by Pennsylvania Rule of Civil Procedure 1042.3(a). <u>See</u> <u>Perez v. Griffin</u>, No. 06-1468, 2008 WL 2383072, at *3 (M.D. Pa. June 9, 2008) ("The [certificate requirement] applies to pro se and represented plaintiffs alike and constitutes a rule of substantive state law with which plaintiffs in federal court must comply.").

involved in an altercation with two other inmates.  (Am. Compl. ¶ 4.)  Plaintiff alleges that he

was the only one who received a "misconduct," even though the other inmates were the

aggressors.  (Id.)

"[F]iling false disciplinary charges does not itself violate a prisoner's constitutional

rights, so long as procedural due process protections were provided."  Richard v. Sherrer, 344 F.

App'x 755, 757-58 (3d Cir. 2007).  In this case, as in Richard, plaintiff "does not allege that he

was denied a hearing or an opportunity to present a defense."  Id.  Rather, the Amended

Complaint states that plaintiff had a hearing on April 21, 2011.  (Am. Compl. ¶ D.)  The Court

thus grants the Berks County Motion to Dismiss with respect to this claim.

F.     Excessive Force

Plaintiff alleges that Rescorla sprayed mace at him during the altercation discussed in the

previous Section, even though plaintiff was the "victim and not the aggressor."  (Id. ¶ V.)  There

are no other allegations regarding this incident.

The Court grants the Berks County Motion to Dismiss with respect to this claim.  A

prison official violates the Eighth Amendment if he uses force against an inmate "maliciously

and sadistically for the very purpose of causing harm," rather than "in a good faith effort to

maintain or restore discipline."  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  Plaintiff does

not allege that Rescorla's use of force was malicious, sadistic, and intended to cause harm.  In

fact, he makes no allegations at all regarding Rescorla's state of mind.  The Amended Complaint

thus fails to state an excessive-force claim.

G.     "Gave No Care" Claim

Finally, plaintiff alleges that fifteen defendants—most of whom are mentioned nowhere

else in the Amended Complaint—"gave no care to the plaintiff situation when beaten and extorted, life is in danger, forced to sleep without a mattress, threaten[ed]."[6]  (Id. ¶ 4.)

As stated above, a prison official violates the Eighth Amendment where he is deliberately indifferent to a substantial risk of serious harm to an inmate.  Farmer, 511 U.S. at 834.  Plaintiff does not allege that the defendants named with respect to this claim knew he was at risk of serious harm or were personally involved in a violation of his constitutional rights.  The Court thus grants all three motions to dismiss as to this claim.[7]

H.    Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely" grant parties leave to amend their pleadings "when justice so requires."  However, a district court need not grant such leave "when amendment would be futile."  DelRio-Mocci v. Connolly Props., Inc., No. 09-4541, 2012 WL 592917, at *7 (3d Cir. Feb. 24, 2012).  Plaintiff has already filed seven amended complaints in this case.  The Court thus concludes that further amendment would be futile, and plaintiff is denied leave to amend his complaint again.

V.    **CONCLUSION**

For the foregoing reasons, the Court grants the Medical Defendants' Motion to Dismiss with respect to the Eighth Amendment denial-of-medical-care claim against Dillman-McGowan; the medical malpractice claim against Dillman-McGowan, Beck, Oxenreider, Mikosz, Witman, and Raab; and the "gave-no-care" claim against Gessner, Shelton, and Kirsch.  The Court denies

---

[6]Named with respect to this claim are Tassone, Shelton, Yerger, Gessner, Kirsch, Phillips, Dow, Lazur, Brown, Nieves, Wagner, Fick, Damiter, Fisher, and Barnhardt.

[7]Because plaintiff asserted only the "gave no care" claim against defendant Damiter, Damiter's Motion to Dismiss is granted in its entirety.

the Medical Defendants' Motion to Dismiss with respect to the Eighth Amendment denial-of-medical-care claim against Beck, Oxenreider, Mikosz, Witman, and Raab.

The Court grants Damiter's Motion to Dismiss.

The Court grants the Berks County Motion to Dismiss with respect to the contaminated-food claim against Jefferson, Klein, and Kope; the false-misconduct claim against Dow; the excessive-force claim against Rescorla; and the "gave-no-care" claim against Wagner, Barnhardt, Tassone, Yerger, Phillips, Dow, Lazur, Fisher, Brown, Fick, and Nieves. The Court denies the Berks County Motion to Dismiss with respect to the retaliation claim against Wagner, Rescorla, and Castro; and the unsanitary-cell claim against Rescorla and Vollmer.

The Court has dismissed all of plaintiff's claims against the following defendants: Barnhardt, Tassone, Jefferson, Klein, Kope, Yerger, Phillips, Dow, Lazur, Fisher, Brown, Fick, Nieves, Damiter, Gessner, Shelton, Kirsch, and Dillman-McGowan. Those defendants are thus dismissed from the case, and their names will be removed from the caption.

Remaining in the case are the following claims: (1) the unsanitary-cell claim against Rescorla and Vollmer; (2) the retaliation claim against Wagner, Rescorla, and Castro; and (3) the denial-of-medical-care claim against Beck, Oxenreider, Mikosz, Witman, and Raab.

An appropriate Order follows.